UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MIGUEL ANGEL CAVASOS-LOREDO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Civil No. 03-CV-10251-BC
Criminal No. 02-CR-20041-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON MOTION UNDER 28 U.S.C. § 2255
## TO VACATE, SET ASIDE OR CORRECT SENTENCE

## I. RECOMMENDATION

**IT IS RECOMMENDED** that Petitioner's motion under 28 U.S.C. § 2255 be **DENIED**.

## II. REPORT

### A. Introduction

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 27), is the above-entitled motion filed under 28 U.S.C. § 2255 to vacate Petitioner's federal custodial sentence. The petition was filed on October 7, 2003. (Dkt. 25.) Respondent was directed to file an answer to the motion, and after being granted an enlargement of time, filed an answer and brief in response opposing the motion. (Dkts. 28,

30, 31.) Petitioner filed a reply. (Dkt. 32.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B. Procedural History

On August 21, 2002, the Grand Jury returned a single-count indictment against Petitioner, charging him with being an alien who had been previously convicted of an aggravated felony and deported from the United States and who had knowingly and unlawfully re-entered the United States without first having obtained the consent of the Attorney General of the United States in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). (Dkt. 1.)

A Rule 11 Plea Agreement was filed September 20, 2002. In the agreement, Petitioner stated his willingness to plead guilty to the charge made in the indictment and stipulated that at the time alleged in the indictment, he was an alien, had previously been arrested and deported, and thereafter had unlawfully re-entered the United States without the consent of the Attorney General. (Plea Agreement, Dkt. 14 at 1-2.) The parties also stipulated that Petitioner had been convicted of an aggravated felony prior to being deported. (*Id.* at 2.) In the worksheets accompanying the plea agreement, the base offense level of 8 was calculated and a 16 level enhancement was added pursuant to United States Sentencing Guidelines ("U.S.S.G.") 2L1.2(b)(1)(A)(iii). (*Id.*) This yielded an adjusted offense level of 24. (*Id.*) The worksheets reflect that Petitioner's prior criminal history included convictions for carrying a concealed weapon, impaired driving, malicious destruction of property under

$100, delivery of marijuana, and driving while under the influence, second offense. (*Id.*) The worksheets further reflect that Petitioner was on probation at the time he was convicted on the marijuana charge and that this conviction came shortly after or during imprisonment. These factors led to the calculation of 11 total criminal history points and a criminal history category of V. A 3 level downward adjustment for acceptance of responsibility was agreed upon by the parties, and these factors yielded a guideline sentencing range of between 70 and 87 months. (*Id.*)

At Petitioner's request, no presentence investigation report was prepared. As a result, sentencing was held only ten days after Petitioner's plea was tendered. Judge Lawson elected to sentence Petitioner in the middle of the guideline range calculated in the Rule 11 Plea Agreement, and a Judgment and Commitment order was entered the next day, reflecting a custodial sentence of 78 months with the recommendation that Defendant be designated to the Federal Correctional Institution at Milan, Michigan. (Dkt. 23.)

No appeal was perfected from this Judgment and Commitment order. Instead, Petitioner filed the instant motion, using the form provided by this Court. On the form, Petitioner alleges that his counsel was ineffective when he agreed to the 16 level enhancement "when, in fact, his prior crime was not a crime of violence." (Mot., Dkt. 25 at 5.) Petitioner next alleges that his attorney was ineffective for allowing Plaintiff to be sentenced under criminal history category V. In a memorandum of law accompanying his motion, Petitioner sets forth in greater detail the grounds alleged in his motion. (Dkt. 26.)

3

Noting that Petitioner was, at the time of his plea and sentencing, a state prisoner awaiting disposition of state criminal charges of fleeing and alluding a police officer, resisting and obstructing a police officer, malicious destruction of police property, and driving while license suspended, the government points out that Petitioner "wanted to rush the proceedings so that he could be sentenced on his federal crime before he was sentenced on his state crimes. If he waited and would have been convicted in state court, then his criminal history points would have been increased[.]" (Answer, Dkt. 31 at 4.)

Turning to the 16 level enhancement, the government argues that Petitioner's prior conviction of carrying a concealed weapon was precisely the type of "firearms offense" within the meaning of U.S.S.G. § 2L 1.2(b)(1)(A)(iii). Citing to court records relating to previous convictions and his earlier deportation, the government argues that the 2 point enhancement for committing an offense while under a prior sentence met the standards set forth in U.S.S.G. § 4A1.1(d). Thus, the government submits that the calculation of criminal history V was correct. For these reasons, the government concludes that the failure of Petitioner's counsel to object to these matters did not constitute ineffective assistance.

### C. Analysis and Conclusions

#### 1. Governing Law of § 2255

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. Accordingly, when a petitioner raises a claim under §

2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *See Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)). Here, all of Petitioner's claims are of ineffective assistance of counsel.

### 2. Governing Law of Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Court in *Strickland* adopted a two-part standard for constitutionally ineffective assistance of counsel: (1) the attorney's performance must have been deficient; and (2) the performance must have prejudiced the defense. *Id.* at 687. In assessing whether counsel's performance was deficient, courts must "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Both prongs of the *Strickland* standard must be met in order to prevail on a claim of ineffective assistance of counsel; therefore, "there is no reason for a court deciding an ineffective assistance claim . . . to

5

address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

The two-part *Strickland* test also applies in the context of a guilty plea. In claiming ineffective assistance of counsel in the context of a guilty plea, a petitioner must show that his counsel's performance was deficient and that the deficient performance caused petitioner to reach a different decision regarding his plea. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *see also Strickland*, 466 U.S. at 687.

In this regard, the Supreme Court has made clear that "[a]lthough our decision in *Strickland v. Washington* dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, . . . the same two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 369-70, 88 L. Ed. 2d 203 (1985).

Thus, in the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pled guilty but would have insisted on going to trial. *Id.* at 58-59. These are strict tests. In other words, a petitioner bringing an ineffective assistance of counsel claim "must prove both incompetence and prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)(citing *Strickland*, 466 U.S. at 688). *Strickland* similarly makes clear that a defense counsel's strategic decisions made during plea negotiations are difficult to attack:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In

6

other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

*Strickland*, 466 U.S. at 690-91.

### 3. Ineffective Assistant of Counsel – 16 Level Enhancement

Petitioner argues that counsel was ineffective as a result of his failure to urge the application of a lesser enhancement contained in U.S.S.G. § 2L1.2(b)(1)(B). The pertinent sentencing guideline provisions at issue read as follows:

§ 2L1.2. Unlawfully Entering or Remaining in the United States

    (a) Base Offense Level: **8**

    (b) Specific Offense Characteristic

        (1) Apply the <u>Greatest</u>:

            If the defendant previously was deported, or unlawfully remained in the United States, after–

            (A) a conviction for a felony that is . . . (iii) a firearms offense . . . increase by **16** levels;

            (B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by **12** levels;
            . . .

U.S.S.G. § 2L1.1 (emphasis added).

Petitioner argues that the 12 level enhancement contained in subsection (b)(1)(B), arising out of Petitioner's prior state law marijuana conviction is the appropriate enhancement to apply, since it was this charge that led directly to Petitioner's earlier deportation. I suggest that as correctly pointed out by the government, this argument is

7

meritless, as it flies in the face of the literal language of both this sentencing guideline and its application notes.

Petitioner's argument overlooks the explicit directive of the Guideline to apply the "Greatest" enhancement. Plaintiff's carrying a concealed weapon (CCW) conviction clearly comes within the scope of the 16 level enhancement. *See* Application Note 1(B)(v). In addition, the government correctly points out that Application Note 1(A)(ii), does not limit the prior convictions to which the enhancement applies, solely to those convictions which led to deportation. This application note explicitly states that the term "conviction for a felony" includes any prior conviction "regardless of whether the deportation was in response to the conviction."[1]

Moreover, this very issue was discussed during Petitioner's sentencing. (*See* Resp't Answer, Dkt. 31 at 8-9.) At that time, the Assistant United States Attorney pointed out first that this sentencing guideline requires the Court to apply the *greatest* enhancement and that the application of this enhancement is not limited to a prior conviction which led directly to

---

[1] This application note reads in pertinent part:

Application Notes:

1. Application of Subsection (b)(1).--

    (A) In General. – for purposes of subsection (b)(1):

    . . .

    (ii) A defendant shall be considered to be deported after a conviction if the deportation was **subsequent** to the conviction, **regardless** of whether the deportation was in response to the conviction.

U.S.S.G. § 2L1.2, comment. (n.1(A)(ii)) (emphasis added).

8

earlier deportation. I therefore suggest that there was no ineffective assistance on defense counsel's part arising out of his failure to present an argument directly contrary to the literal provisions of the United States Sentencing Guidelines Manual.

### 4. Ineffective Assistance of Counsel – Criminal History Category

Petitioner argues that he should not have been sentenced under criminal history V because 2 additional points were wrongly assessed for the commission of the instant offense while under prior sentence. (*See* U.S.S.G. § 4A1.1(d)). Petitioner argues that these points were assessed because it was determined that he was on probation from a December 1999 marijuana conviction. Petitioner argues that in fact the probation had ended and that counsel's failure to raise and object to this criminal history point assessment was ineffective. Petitioner therefore argues that with the subtraction of this 2 point enhancement, he should not have been placed in criminal history category V.

The provisions of the United States Sentencing Guidelines Manual pertinent to this issue appear in § 4A1.1 and read as follows:

> § 4A1.1. **Criminal History Category**
>
> The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> . . . .
>
> (d) Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
>
> (e) Add **2** points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under

>(a) or (b) or while in imprisonment or escape status on such a sentence. If **2** points are added for item (d), add only **1** point for this item.

U.S.S.G. § 4A1.1.[2]

Noting that upon further review there was in fact a five-day delay between the signing and the entry of an order discharging Petitioner from probation, the government now concedes that Petitioner was not on probation from a prior marijuana offense at the time of the offense to which he pled guilty, and that therefore this 2 point enhancement was inappropriate. The government argues, however, that this calculation error is of no moment since the 2 point enhancement provided for in U.S.S.G. 4A1.1(e) also applies. The government notes that Petitioner was in the country in September 2000 when he was given a ticket for driving while license suspended, and that this conviction occurred within the time span stated in this guideline. (*See* Ticket attach. to Answer, Dkt. 31.) The government therefore submits that the net effect on the guideline scoring process would be the same, the total number of criminal points would be identical, and that category V would continue to be the correct characterization of Petitioner's prior criminal history. As a result, the government concludes that counsel's failure to object to the application of a 2 point enhancement was not ineffective assistance of counsel.

After review and consideration of the arguments made by the parties, as well as the applicable provisions of the United States Sentencing Guidelines Manual, I suggest that the government's arguments carry the day and that even with the deduction of the 2 point

---

[2] From review of this sentencing guideline provision, and from the context within which it appears, I suggest that the quoted reference to U.S.S.G. § 4A1.1(B), appearing in the government's answer and brief (Dkt. 31 at 10), is in error. I believe the appropriate reference should be to U.S.S.G. § 4A1.1(d).

10

enhancement allowed in U.S.S.G. § 4A1.1(d), the similar enhancement of equal magnitude provided for in U.S.S.G. § 4A1.1(e) would nonetheless apply, leaving Petitioner with a criminal history correctly characterized as category V. I therefore suggest that the government is correct that counsel's failure to object was not ineffective assistance.

### 5. Presentence Investigation Report

In Petitioner's reply to the government's answer, Petitioner argues for the first time that the failure to prepare a presentence investigation report was "clear error." (Reply, Dkt. 32 at 1.) However, as correctly pointed out by the government, in this circuit it is settled law that a criminal defendant has at all times the ability to waive any right conferred upon him by the United States Constitution or by operation of law. *United States v. Fleming*, 239 F. 3d 761, 763-64 (6th Cir. 2001). Such a waiver, I suggest, is precisely what happened in this case. As the government's brief points out, during the plea proceedings, Petitioner explicitly articulated his understanding that he had the right to a presentence investigation report and that he wished not to have such a report prepared by reason of the delay in federal proceedings that this procedural step would have engendered. (Answer, Dkt. 31 at 4-5.) During his plea, the Court probed Petitioner's understanding of both his right to this report and his willingness to waive that right. (*Id.*) The Court closely questioned Petitioner, testing his understanding through a series of questions approaching this issue from multiple different perspectives. Petitioner consistently answered in an unequivocal fashion evidencing his understanding. I therefore suggest that although not raised in his original petition, there was

11

no ineffective assistance of counsel in the waiver by Petitioner of his right to a presentence investigation report.

### 6. Conclusions

Under the standards set forth above, I suggest that Petitioner's claims fail to meet either prong of *Strickland*. Moreover, and in the alternative, as mentioned above, claims that could have been but were not raised on direct appeal may not be reviewed under § 2255 unless the petitioner demonstrates cause and actual prejudice to excuse his failure to file the claim previously. *United States v. Frady*, 456 U.S. 152, 167-69, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). The allegations which appear in Petitioner's filings fail to meet these standards. On this record, I suggest that Petitioner fails to demonstrate either cause or, for the reasons set forth above, actual prejudice to excuse his failure to previously file these claims.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report

and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

*/s/ Charles E. Binder*
CHARLES E. BINDER
United States Magistrate Judge

DATED: March 23, 2004

Copies to: Miguel Cavasos-Loredo, #26095-039, FCI Milan, P. O. Box 1000, Milan, MI 48160-0190
Michael J. Hluchaniuk, Assistant U.S. Attorney, Bay City, Michigan
Honorable David M. Lawson, United States District Judge