UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MIGUEL ANGEL CAVASOS-LOREDO,

        Petitioner,                        Civil No. 03-10251-BC
                                                  Criminal No. 02-20041-BC
v.                                                    Honorable David M. Lawson
                                                    Magistrate Judge Charles E. Binder

UNITED STATES OF AMERICA,

        Respondent.
_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION OF
MAGISTRATE JUDGE AND DENYING PETITION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>**

    Presently before the Court is a report and recommendation by Magistrate Judge Charles E. Binder recommending that the petition of Miguel Cavasos-Loredo under 28 U.S.C. § 2255 be denied because his counsel was not ineffective within the meaning of the Sixth Amendment as interpreted by *Strickland v. Washington*, 466 U.S. 688 (1984). On April 7, 2004, the petitioner filed the *pro se* petition alleging that he received ineffective assistance of counsel because his attorney did not object to a sentencing enhancement under United States Sentencing Guidelines § 2L1.2(b)(1), failed to challenge a two-point increase of the petitioner's criminal history score because the petitioner in fact was not on probation when arrested, and allowed the petitioner to be sentenced without a presentence investigation report. The Court referred the petition to Magistrate Judge Charles E. Binder under 28 U.S.C. § 636(b) on an order for general case management. The magistrate judge suggested that an enhancement was properly applied, the petitioner was not prejudiced by the two-point increase of his criminal history score, and the petitioner properly waived his right to a presentence investigation report. The petitioner filed timely objections making the same arguments

that he set forth in his petition. Upon consideration, the Court will adopt the recommendation of the magistrate judge.

The petitioner entered into a plea agreement on September 20, 2002 and pleaded guilty to being an alien who reentered the United States without the permission of the Attorney General after being removed. The plea agreement included a worksheet that estimated the petitioner's offense level under the Sentencing Guidelines, which contained a calculation for a sixteen-level enhancement because "the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a fire arms offense." U.S.S.G. § 2L1.2(b)(1)(A)(iii). The worksheets attached to the plea agreement contained a criminal history calculation that included two points because the petitioner was thought to be on probation when he was arrested. Those two points together with the petitioner's prior convictions and sentences resulted in a total of eleven criminal history points, which placed him in criminal history category V. In addition, the petitioner waived his right to a presentence investigation report in order to expedite sentencing so that his federal sentence would precede an upcoming state court sentence for a different crime.

The petitioner claims that his counsel's deficient performance in allowing the Court to sentence him on the basis of inaccurate worksheets attached to the plea agreement and without a presentence investigation caused the petitioner to reach a different decision regarding his plea. The Court does not find the petitioner's arguments persuasive.

The magistrate judge correctly found the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1) was proper because the petitioner was deported after an August 13, 1994 conviction for carrying a concealed weapon. The petitioner unpersuasively argues that the timing of the December

13, 1999 conviction for delivery of marijuana compels a different result. However, that argument is meritless because Sentencing Guidelines require the Court to apply the greatest level enhancement justified by the record. *See* U.S.S.G. § 2L1.2(b)(1). The deportation occurred after the firearms offense, so the enhancement was proper.

The magistrate judge found that the petitioner was not prejudiced by the two-point increase in the petitioner's criminal history score even though the petitioner was not actually on probation at the time of his arrest. The magistrate judge observed that two points would have been assessed under U.S.S.G. § 4A1.1(e) if the two-point assessment under U.S.S.G. § 4A1.1(d) had not applied because the petitioner had committed the instant offense within two years of leaving imprisonment for the marijuana offense. The Court agrees. The agreement worksheet indicated an assessment under U.S.S.G. § 4A1.1(e) was appropriate, which the petitioner does not challenge. The sentencing guidelines require a one-point assessment under U.S.S.G. § 4A1.1(e) when two points are assessed under U.S.S.G. § 4A1.1(d). Were counsel able to prevent the two-point assessment under U.S.S.G. § 4A1.1(d), then two points would have been assessed under U.S.S.G. § 4A1.1(e), netting a decrease of only one point in the petitioner's total criminal history score. The petitioner's criminal history score at ten points still would have placed him in Criminal history category V. Therefore, the petitioner was not prejudiced by the performance of counsel.

Finally, the magistrate judge determined that the petitioner was properly sentenced without a presentence investigation. The petitioner argues in his objections that he does not have the right to waive a presentence investigation under Federal Rule of Criminal Procedure 32. The petitioner is mistaken. Federal Rule of Criminal Procedure 32(c)(1)(A) states:

> The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence *unless*:

> . . .
> (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record.

Fed. R. Crim. P. 32(c)(1)(A) (emphasis added). During sentencing the Court determined on the record that it had sufficient information to meaningfully exercise its sentencing authority and ascertained that the petitioner waived his right to a presentence investigation:

> THE COURT: All right. The court adjourned the matter in order to make inquiry through the probation department as to whether a presentence investigation report would be necessary to assist the Bureau of Prisons in performing its function in the event of a custodial sentence, which is likely in this case. And during that interim period, the probation officer also obtained information for the court, not in the nature of a full blown presentence investigation and report, but information that would permit the court to make factual findings relating to the applicable sentencing guidelines and other information pertaining to the background of the defendant that would assist the court in formulating the sentence.
>
> The court finds specifically that the information available to it and on the record is sufficient to enable it to exercise its sentencing discretion pursuant to Section 3553 of Title 18. And also the court finds that the defendant at the time has waived a presentence report and, in fact, asked to speed the process up for the reasons stated on the record at that time, which the court accepts. Let me just make further inquiry though. Mr. Cavasos-Loredo, do you understand that you have a right to put the sentencing off and have the probation officer do a full investigation into your background and circumstances and prepare a complete presentence report if you want that done; do you understand that?
>
> RESPONDENT: I understand that, yes, sir.
>
> THE COURT: You say you wish to waive that?
>
> RESPONDENT: No -- yeah.
>
> THE COURT: First of all, let's just take it a step at a time. Do you understand that you have a right to have a full presentence investigation and report generated?
>
> RESPONDENT: Yes, your Honor
>
> THE COURT: If you would have a presentence investigation report done, Mr. Dunn would be able to go over that with you and take a look at the facts on which the

-5-

> presentence investigator relied and found, and you would have an opportunity to object to those facts if you wanted to.
>
> RESPONDENT: Yes, your Honor.
>
> THE COURT: All right. Do you wish to waive the production of a presentence report and move to be sentenced?
>
> RESPONDENT: Yes, sir, your Honor.
>
> THE COURT: All right. Mr. Hluchaniuk, does the government have anything further to say on that score?
>
> MR. HLUCHANIUK: No, your Honor. I believe that Rule 32B1.1(A) and (B) have been complied with. In fact, you indicated an ability, on the record, to exercise your discretion under 3553, and I think the explanation that you provided satisfies the rule and I accept that and certainly do not object otherwise to immediate sentence with respect to this case; thank you.

Sentencing Tr. (Sept. 30, 2002). The petitioner's counsel was not ineffective because the Court sentenced according to Rule 32.

The magistrate judge correctly determined the issues presented. Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED.**

It is further **ORDERED** that the petition under 28 U.S.C. § 2255 [dkt # 25] is **DISMISSED** with prejudice.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated:   September 26, 2005

-6-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS